UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JIMMY DALE ADKINS,                )
                                  )
         Plaintiff,               )
                                  )    No.: 1:16-CV-042-PLR-SKL
v.                                )
                                  )
RONNIE "BO" BURNETTE,[1]          )
                                  )
         Defendants.              )

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 [Doc. 1] that was transferred to this district from the United States District Court for the Middle District of Tennessee, which assessed Plaintiff with the filing fee [Doc. 8], but did not screen the complaint pursuant to the Prison Litigation Reform Act ("PLRA"). Plaintiff has also filed a motion to appoint counsel [Doc. 11], an amended complaint [Doc. 12], and a motion for status of case [Doc. 20]. For the reasons set forth below, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted. Accordingly, Plaintiff's pending motions [Docs. 11 and 20] will be **DENIED as moot**.

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and

---

[1] The Clerk is **DIRECTED** to correct the spelling of Defendant Burnette's name on the Court's docket.

1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

In his original complaint, Plaintiff generally asserts that he sent out medical requests for treatment, but did not receive the requested medical treatment [Doc. 1 p. 4].  Plaintiff also sets forth the following conclusory and factually unsupported allegations: "Denied medical treatment, [d]enied me [a] conflict of interest change of venue with [t]his county.  They throwed [sic] away my legal mail and would not sign or notarize[].  They [a]lso would [n]ot let me [r]eview T-C-A

2

[law] library." [Doc. 1 p. 5]. In his amended complaint, Plaintiff provides a few details about one alleged incident in which he asserts that he was denied medical care [Doc. 12]. Specifically, Plaintiff alleges that on February 1, 2016, he hurt his left shoulder in the showers at Marion County Jail, that he filed several grievances with jail administrator Tammy Mcalpin stating that he had an injury needing immediate attention, and that medical treatment was never given [*Id.* at 3–4]. Plaintiff also states in his amended complaint that he also had other medical conditions from before imprisonment that needed continuous treatment, but that treatment was not given [*Id.* at 4].

All of Plaintiff's allegations in his complaint regarding a change of venue, legal mail, notarization, and the law library are conclusory and unsupported by any specific facts. As such, they fail to state a claim upon which relief may be granted under § 1983, *Ashcroft*, 556 U.S. at 681, and they will therefore be **DISMISSED**.

Further, while Plaintiff does set forth some facts regarding one incident in which he asserts that he was denied medical care in his amended complaint, those allegations are that Plaintiff submitted grievances regarding one need for medical care to Jail Administrator Tammy Mcalpin and did not receive medical care for that medical need or for other medical needs. The only Defendant Plaintiff has named in this action, however, is Sheriff Ronnie "Bo" Burnette. As Plaintiff has not set forth any facts from which the Court can plausibly infer that Defendant Burnette was personally involved in any alleged denial of medical care, it is apparent that Plaintiff seeks to hold Defendant Sheriff Burnette liable for his claims under a theory of *respondeat superior*. Under § 1983, however, "[l]iability cannot be based solely on the right to control employees." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983

3

as to Defendant Burnette in his individual capacity and all such individual capacity claims against Defendant Burnette will be **DISMISSED**.

Also, as to Plaintiff's claims against Defendant Burnette in his official capacity, it is clearly established that official capacity suits are treated as against the governmental entity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, in order to state such a claim, a plaintiff must allege that a "policy or custom" enacted by the entity caused the alleged violation of constitutional rights. *Id.* at 166. As Plaintiff has not alleged that any policy or custom caused him any injury or set forth any facts from which the Court can plausibly infer such a claim, the complaint likewise fails to state a claim against Defendant Burnette in his official capacity and all such official capacity claims against Defendant Burnette will be **DISMISSED**.

Moreover, even if Plaintiff had sued Jail Administrator Tammy Mcalpin, the only individual specifically named in his complaints, his only allegation as to Ms. Mcalpin is that she did not respond to grievances he filed after a fall in the shower in which he stated that he had an injury that needed medical treatment [Doc. 12 p. 4].[2] Nothing in the complaint or amended complaint suggests that Tammy Mcalpin is a medical provider or otherwise responsible for providing medical care for prisoners, however, and a supervisor cannot be held liable under § 1983 for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (stating that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'" (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999))); s*ee also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that supervisory personnel's knowledge of and failure to respond to a prisoner's

---

[2] Plaintiff also states in his original complaint, which Plaintiff signed on February 10, 2016, nine days after Plaintiff's alleged fall in the shower, that he had sent out medical requests for treatment, which is the typical manner in which prisoners seek medical treatment [Doc. 1 p. 4].

4

grievance and allegations of impropriety were insufficient to impose liability on supervisory personnel under § 1983). Accordingly, Plaintiff has not set forth any facts from which the Court can plausibly infer that Tammy Mcalpin is liable under § 1983 for a denial of medical care.

For the reasons set forth above, the Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED**. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)

Further, the Court **CERTIFIES** that any appeal from this order would not be taken in good faith and the Court will therefore **DENY** Plaintiff leave to appeal *in forma pauperis*.

**AN APPROPRIATE ORDER WILL ENTER**.

E N T E R :

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**